IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 19-cv-1893-WJM-GPG

SIMONA FRANK, an individual,

    Plaintiff,

v.

THOMAS J. PALIC DC PC, an individual,
d/b/a PALIC CLINIC, a Colorado corporation,

    Defendant.

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

This matter is before the Court on Defendant Thomas J. Palic DC PC's, d/b/a Palic Clinic ("Palic's") Motion to Dismiss for Failure to State a Claim (the "Motion to Dismiss") and Early Motion for Summary Judgment (ECF No. 8) (jointly the "Motions"). For the reasons that follow, the Court finds that dismissal without prejudice is appropriate. The Court does not reach Defendant Palic's alternative request for summary judgment, as the factual record remains too underdeveloped to permit a properly supported summary judgment ruling at this time.

### I. BACKGROUND

On June 6, 2019, Plaintiff Simona Frank filed suit against Defendant Palic in Colorado state court, seeking to recover unpaid wages under the Fair Labor Standards Act ("FLSA") and the Colorado Wage Claim Act ("CWCA"). (ECF No. 1 at 1.) Defendant filed a Notice of Removal with this Court on June 28, 2019. (ECF No. 1.) On July 5, 2019, Defendant filed a Motion to Dismiss and Motion for Summary

Judgment. (ECF No. 8.) Plaintiff on July 26, 2019 filed a Response (ECF No. 18), and Defendant on August 9, 2019 filed a Reply (ECF No. 19).

Defendant Palic operates a chiropractic clinic (the "Clinic"). (ECF No. 8 at 1.) Plaintiff alleges that she "was hired as a manager for Defendant on or about March 1, 2015," but that she "was paid a salary of nothing for 2015, 2016, and 2017, and $3,432 for 2018 up to July 28, 2018." (ECF No. 1–1 at 4.) Plaintiff further alleges that she worked an average of fifty hours per week, "was responsible for managing and supervising 1 employee as needed," and performed such other tasks as "billing Medicare and insurance when required; training office staff; [and] doing general receptionist duties." *Id.* While Plaintiff concedes that "[t]here is no employment contract," she seeks "$162,818 in regular and overtime wages (based on competitive wages)." *Id*. Plaintiff further alleges that "[o]n April 14, 2019, [she] made a written demand for payment for the wages she is owed to Defendant through counsel," and that to date, Defendant has refused to pay. *Id*. at 4–5.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a claim in a complaint for "failure to state a claim upon which relief can be granted." The 12(b)(6) standard requires the Court to "assume the truth of the plaintiff's well-pleaded factual allegations and view them in the light most favorable to the plaintiff." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). In ruling on such a motion, the dispositive inquiry is "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007)). Granting a motion to dismiss "is a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice." *Dias v. City & Cnty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (internal quotation marks omitted). "Thus, 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.'" *Id.* (quoting *Twombly*, 550 U.S. at 556).

## III.  DISCUSSION

### A.  Plaintiff's FLSA Claims

Defendant argues that Plaintiff's allegations are insufficient to plausibly infer the existence of an employer-employee relationship, as required by the FLSA. (ECF No. 8 at 7–9.) The Court agrees.

The FLSA defines an "employee" as "any individual employed by an employer." 29 U.S.C. § 203(e)(1). In turn, "employer" is defined as "any person acting directly or indirectly in the interest of an employer in relation to an employee." *Id.* § 203(d). "Employ" is defined as "suffer or permit to work." *Id.* § 203(g). While these definitions do not provide much guidance, the Supreme Court has instructed that the "economic reality" of the relationship governs whether an individual is an employee for purposes of the FLSA. *Tony & Susan Alamo Found. v. Sec'y of Labor*, 471 U.S. 290, 295 (1985). "The economic reality test includes inquiries into whether the alleged employer has the power to hire and fire employees, supervises and controls employee work schedules or conditions of employment, determines the rate and method of payment, and maintains

3

employment records." *Baker v. Flint Eng'g & Const. Co.*, 137 F.3d 1436, 1440 (10th Cir. 1998).

While the term "employee" should be broadly construed, "when relationships have deviated from the traditional understanding of employment in fundamental ways, the Supreme Court has refused to shoehorn them into the [FLSA]." *Steelman v. Hirsch*, 473 F.3d 124, 129 (4th Cir. 2007). The FLSA would not apply, for instance, to volunteers who "without promise or expectation of compensation, but solely for [their] personal purpose or pleasure, worked in activities carried on by other persons either for their pleasure or profit." *Walling v. Portland Terminal Co.*, 330 U.S. 148, 152 (1947). Nor would the FLSA apply to individuals who "without any express or implied compensation agreement, might work for their own advantage on the premises of another." *Id*. Additionally, the Tenth Circuit has held that general partners in a business are not covered by the FLSA. *Wheeler v. Hurdman*, 825 F.2d 257, 277 (10th Cir. 2007). "[A]ttributes of partnership such as exposure to risk, managerial control, and the ability to share in profits, 'introduce complexities and economic realities that are not consonant with employee status.'" *Steelman*, 473 F.3d at 129 (quoting *Wheeler*, 825 F.2d at 275).

Taking Plaintiff's sparse allegations as true, that Defendant would be liable under the FLSA is conceivable, but given the minimal facts alleged in the complaint, it is not plausible. As an initial matter, it is difficult to envision an individual having a reasonable expectation that she would be compensated for her labor after working for free for over three years. Plaintiff alleges that she eventually requested compensation, but not until

4

over four years after she allegedly began working for Defendant—shortly before she brought this action in state court. While at this stage of the proceedings the Court must make all reasonable inferences in Plaintiff's favor, the Court cannot reasonably infer that she had in fact requested compensation prior to that very late date.

Moreover, Plaintiff herself asserts that "[t]here is no employment contract." (ECF No. 1–1 at 4.) While this is a vague and conclusory statement, and is not itself dispositive of the issue, it does manifest an admission by Plaintiff that there was no express agreement providing for terms under which her and Defendant's working relationship would be bound. This further weighs against the plausibility of a "bargained-for exchange of labor for mutual economic gain that occurs in a true employer-employee relationship." *Steelman*, 473 F.3d at 130. Indeed, Plaintiff "describes the work she claims to have done . . . but does not state any facts concerning how [Defendant] supervised or controlled the work." *Devore v. Lyons*, 2016 WL 6277810 (N.D. Tex. Oct. 25, 2016). Nor does Plaintiff allege whether Defendant "ha[d] the power to hire and fire employees, supervise[d] and control[led] employee work schedules or conditions of employment, determine[d] the rate and method of payment, [or] maintan[ed] employment records." *Baker*, 137 F.3d at 1436.

While Plaintiff's allegations arguably are consistent with an at will employer-employee relationship that was not governed by an express written contract, they are also consistent with many other types of working relationships which have been held to not be protected by the FLSA. For instance, working for several years without requesting compensation is consistent with a volunteer position. And given Plaintiff's assertion that she had a managerial role at the Clinic, her allegations are also

consistent with a partnership role.  Plaintiff's allegations are also consistent with the type of relationship dealt with in *Steelman*, 473 F.3d 124, where the plaintiff had been in a long-term romantic relationship with the defendant, a proprietor of a small business. In that case, the Fourth Circuit found it significant that "the couple saw their work together as a way to improve an economic future that they intended to share in perpetuity, rather than as a transfer of one individual's assets to another in exchange for labor."  *Id.* at 130; *see also Devore*, 2016 WL 6277810 (similar); *Patel v. Patel*, 2014 WL 6390893 (E.D. Cal. Nov. 14, 2017) (similar); *Emanuel v. Rolling in the Dough, Inc.*, 2012 WL 5878385 (N.D. Ill. Nov. 21, 2012) (similar).[1]

Nevertheless, the Court cannot say with certainty that Plaintiff could not allege facts in an amended pleading that would plausibly allege a viable claim that Defendant violated the FLSA.  Accordingly, Defendant's Motion with respect to Plaintiff's FLSA claims is granted, but those claims will be dismissed without prejudice.

**B.     Plaintiff's CWCA Claims**

The CWCA allows an employee "to sue his or her former employee for earned wages and other compensation the employer has refused to pay." *Lester v. Career Bldg. Acad.*, 338 P.3d 1054, 1058 (Colo. App. 2014).[2]  For the same reasons as set forth above,

---

[1] Plaintiff's Complaint does not speak to whether she and the Defendant were romantically involved.  Defendant avers in his Motions, however, that they were.  (ECF No. 8 at 2.)  While the Court does not look outside the four corners of Plaintiff's Complaint in ruling on Defendant's Motion to Dismiss, to the extent that Plaintiff brings an amended pleading, she should allege with specificity the nature of her and Defendant's relationship at the times relevant to her claims.

[2] Under the CWCA, "'employee' means any person . . . performing labor or services for the benefit of an employer in which the employer may command when, where, and how much labor or services shall be performed."  Colo. Rev. Stat. § 8-4-101(5).

the Court concludes that Plaintiff has not plausibly alleged the existence of an employer-employee relationship, and that she therefore has failed to state a claim under the CWCA. *See Dumont v. Teets*, 262 P.2d 734 (Colo. 1953); *Dow v. Connell*, 448 F.2d 763, 765 (10th Cir. 1971).

Again, however, the Court cannot say with certainty that Plaintiff could not in an amended pleading allege facts that would give rise to a plausible claim that Defendant violated the CWCA. Accordingly, Defendant's Motion with respect to Plaintiff's CWCA claims is granted, but those claims will also be dismissed without prejudice.

### IV. CONCLUSION

In accordance with the foregoing, the Court ORDERS as follows:

1. Plaintiff's Motion to Dismiss is GRANTED;

2. Plaintiff's claims are DISMISSED WITHOUT PREJUDICE; and

3. In the event Plaintiff seeks to file an amended complaint to cure the pleading deficiencies outlined in this Order, she must file a motion for leave to file such an amended complaint no later than **December 27, 2019**. If no such motion is timely filed, the Court will enter judgment and terminate this action at that time.

Dated this 5th day of December, 2019.

BY THE COURT:

William J. Martinez
United States District Judge