**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 19-cv-1893-WJM-KLM

SIMONA FRANK,

    Plaintiff,

v.

THOMAS J. PALIC DC PC, d/b/a Palic Clinic,

    Defendant.

## ORDER GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT

On December 5, 2019, the Court granted Defendant Thomas J. Palic DC PC's, d/b/a Palic Clinic's Motion to Dismiss (ECF. No. 8), and dismissed Plaintiff Simona Frank's Complaint (ECF No. 7-1) without prejudice.[1]  (ECF No. 26.)  The Court allowed Plaintiff to file a motion for leave to file an amended complaint by December 27, 2019. (ECF No. 26 at 7.)  This matter is now before the Court on Plaintiff's timely Motion to Amend Complaint.  (ECF No. 27.)  Defendant responded in opposition (ECF No. 31), and Plaintiff replied (ECF No. 34).

Federal Rule of Civil Procedure 15(a) provides that, after a responsive pleading has been served, a party may amend its pleading "only by leave of court or by written consent of the adverse party."  The Rule specifies that "leave shall be freely given when justice so requires."  The purpose of the Rule is to provide litigants "the maximum

---

[1] Defendant filed a Motion to Dismiss for Failure to State a Claim and Early Motion for Summary Judgment (ECF No. 8), but given the underdeveloped factual record, the Court did not reach Defendant's alternative request for summary judgment. (ECF No. 26 at 1.)

opportunity for each claim to be decided on its merits rather than on procedural niceties." *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982).

In *Foman v. Davis*, 371 U.S. 178 (1962), the Supreme Court held:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Id.* at 182 (quoting Fed. R. Civ. P. 15(a)); *see also Duncan v. Manager, Dept. of Safety*, 397 F.3d 1300, 1315 (10th Cir. 2005); *Frank v. U.S. West*, 3 F.3d 1357, 1365 (10th Cir. 1993).

Given the liberal policy in favor of amendment, the Court finds that Plaintiff should be given leave to amend her claims.

For the reasons set forth above, the Court ORDERS the following:

1. Plaintiff's Motion to Amend Complaint (ECF No. 27) is GRANTED;

2. Plaintiff shall file a clean copy of the Amended Complaint (ECF No. 27-1) as a separate docket entry, consistent with D.C.COLO.LCivR 15.1(b), on or before **August 24, 2020**;

3. Defendant shall answer or otherwise respond to Plaintiff's Amended Complaint on or before **21 days** after the Amended Complaint is filed; and

4. The parties shall comply with Magistrate Judge Gordon P. Gallagher's Order at ECF No. 32 no later than **August 12, 2020**.

DATED this 10th day of August, 2020.

BY THE COURT:

William J. Martinez
United States District Judge

3